## SUCCESSION OF W. A. ANDREW.

A *mere* dismissal of a rule cannot have any greater effect in the court before which the same has been rendered, than a judgment of non-suit.

Therefore, when a rule has been dismissed and a second taken, the defendant cannot plead *res judicata.*

The books of a liquidating partnership are in the *quasi* possession of the law, and must be placed in the hands of the Receiver under all circumstances.

APPEAL from the Second District Court of New Orleans, *Morgan,* J.
*Hyams, Labatt & Jonas,* and *H. M. Spofford,* for plaintiff.   *C. Roselius,* for defendant and appellant.

MERRICK, C. J.   On a rule taken by *George Jonas,* receiver, on *Charles Maes.*

The late firm of *Andrew & Sierau* was dissolved by the death of *Andrew.* *Sierau* was appointed by the court the liquidator of the partnership affairs. Subsequently he entered into a new partnership with the defendant in the rule and one *Wenck,* under the name of *Andrew & Sierau.*

SUCCESSION
OF
ANDREW

The new firm, instead of providing themselves with new books, employed those in the hands of *Sierau*, the liquidator of the old firm, and made their entries and kept their accounts therein.

*Sierau* having died, and the affairs of the old firm being still in an unsettled condition, *George Jonas* was appointed receiver. He applied to the defendant, *Maes*, for the books of the old firm, the same being in his possession. They were refused him by *Maes* on the ground that they were essential to the business of the new firm. *Maes* offered, however, to give him access to the books at all reasonable hours. The receiver insists that possession of the books and papers of the old firm is essential to a proper discharge of his duties as receiver.

*Jonas* suggesting to the Court his belief that *Maes* had the books in his possession, took a rule on him to show cause why he should not deliver the books, papers, property, &c., of the firm of *Andrew & Sierau* to him. This rule was dismissed on the 26th day of January, 1860.

A new rule was subsequently taken on grounds very similar to the preceding.

To this second rule *Maes* pleaded, among other defences, the dismissal of the former rule as the thing adjudged in bar of the second rule. The judgment of the lower Court being adverse to *Maes* on the second rule, he appeals. He urges the plea of *res judicata* as the first ground of defence in this Court.

We are of the opinion that a *mere* dismissal of a rule cannot have any greater effect in the Court before which the same has been rendered than a judgment of nonsuit. See 9 Martin R. 522. Nothing, therefore, prevented the receiver from renewing the rule.

On the merits we are of the opinion that the books, papers, &c., while in the hands of *Sierau* as liquidator of the partnership of *Andrew & Sierau*, were in the *quasi* custody of the law, and that the new firm had no legal right to use the books for their own purposes. As a consequence, they, the books, papers, &c., are subject to the control of the Court, and must be restored to the present receiver, who acts under its authority. It may be true that the books contain entries important to the business of the defendant; if so, he must content himself with the examination of the books, and by taking copies at reasonable hours while they are in the hands of the receiver, whose possession is also that of the law.

It is, therefore, ordered, adjudged and decreed by the Court, that the judgment of the lower Court be affirmed; that the appellant pay the costs of appeal, it being understood that the defendant's right to examine the books in the hands of the receiver at all reasonable hours is reserved him by said decree.